**MARINE MIDLAND TRUST COMPANY OF NEW YORK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**P. C. PFEIFFER COMPANY, Inc., Libellant, Northwest Marine Iron Works, Inc., Esso Export Corporation, American Bureau of Shipping and E. F. Drew & Company, Inc., Intervening Libellants, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 8492, 8515.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1962.

Decided Feb. 21, 1962.

Braden Vandeventer, Jr., Norfolk, Va. (Joseph A. Gawrys, and Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellant, Marine Midland Trust Co. of New York.

Daniel K. Mayers, Attorney, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attorneys, Department of Justice, Washington, D. C. and Claude V. Spratley, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Taxes—F.I.C.A.[1] and income [2]—withheld on seamen's wages as their liens were satisfied, were disbursed on the order of the District Court to the United States out of the sale proceeds of their ship ahead of other maritime liens. A holder of one of the latter, a first preferred ship mortgage, appeals in Case No. 8492; other such lienors appeal in No. 8515.[3] We affirm the order because, although the taxes qua taxes were not a maritime lien, they did comprise a part of the wages and consisted of that part of the wages by law allocated to the Government as and when the money was paid.[4]

The S.S. Pacific Star was sold by the court below on the crew's libel for wages and the libels of junior maritime lienors including the appellant. After payment of the ship's custodial expenses and a tort claim, the sale proceeds standing vicariously for the ship were applied to the wages, with the required deductions for taxes. This retent was paid to the United States also at the seamen's request. Since the residue of the ship funds were

---

1. Int.Rev.Code of 1954, §§ 3101, 3102, 26 U.S.C.A. §§ 3101, 3102.

2. Id. §§ 3401–3403, 26 U.S.C.A. §§ 3401–3403.

3. This opinion deals directly only with No. 8492, but it has been stipulated that the decision here will govern the disposition of No. 8515.

4. Int.Rev.Code of 1954, § 7501, 26 U.S. C.A. § 7501.

insufficient to meet the liens subsequent to wages, these lienors objected to the tax disbursement.

The money, confessedly, did not go to the United States as a lienor of any kind. For these taxes the Government had no lien or jus in re against the vessel or the substituted fund. Its right derived from the seamen. What it took was a part of their lay in the voyage: "a lien upon the last plank of the ship." 4 Benedict on Admiralty 282 (6 ed. 1940). Even if they had not directed the purser of the funds—whether court, clerk or registry—to attorn to the Government for this portion of their money, he was nevertheless obliged by law to do so. With the money in hand, reserved under the command of the statute, he had no choice under the statute but to relinquish it to the sovereign, for whom it was marked.

But it became marked money only after severance—by satisfaction—of the seamen's claims from the ship or her monetary equivalent, when it lost its identity with the ship. Not until the whole of the wage had been set aside for each seaman was it labelled as in part the Government's. The United States was not a stand-in for the seamen, nor was it their subrogee. It was their transferee.

The Government was gathering of the seamen and of no one else: it partook only of the mariners' portion. The other demandants, for whom the ship was a lienee too, cannot complain of a lawful take from another's entitlement, no matter the taker.

No pertinence is found in the cases in which the appellants lay store for their view. We agree with United States v. Fogarty, 164 F.2d 26 (8 Cir. 1947), without considering its further conclusion that such taxes are a part of bankruptcy costs of administration. There the court said that taxes, like those here, withheld by a trustee in bankruptcy upon a payment on account of wages having primacy under § 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. 104, sub. a (2), should be paid to the Government even though taxes generally due the Unit-

ed States were by law rated below the claim for the balance of the wages. See also United States v. Curtis, 178 F.2d 268 (6 Cir. 1949).

In the order under review the District Court, apparently inadvertently, allowed to the United States the amount of such taxes retained from the wages of one Harrelson. He was not of the complement of the Pacific Star and any wages due him were earned on another vessel. He was paid nothing from the funds disbursed by the District Court, and the Government concedes it gets nothing here as taxes on his wages. With this exception the decree below will be affirmed.

Affirmed in part and vacated in part.